# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JESSICA SANDRA TOVAR,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **No.  1:26-CV-847-DAE** |
| **v.** | § | |
| | § | |
| **OTSUKA ICU MEDICAL LLC,** | § | |
| *Defendant* | § | |
| | § | |
| | § | |

## ORDER

Before the Court is Plaintiff Jessica Sandra Tovar's Complaint, Dkt. 1, and application to proceed *in forma pauperis*, Dkt. 2. The District Judge referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

### I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Tovar's application to proceed *in forma pauperis*, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Tovar *in forma pauperis* status and **ORDERS** her Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Tovar is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*,

1

30 F.3d 616, 621 (5th Cir. 1994). However, service upon Defendant should be withheld pending this Court's review under § 1915(e).

Because Tovar has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Tovar brings claims for failure to accommodate and retaliation against Defendant Otsuka ICU Medical LLC ("Otsuka") under the Americans with Disabilities Act ("ADA"). Dkt. 1, at 1. Tovar's complaint, however, does not contain sufficient factual allegations for the Court to review her claims. *See id.* Tovar references having requested an accommodation "for [a] mental health condition," but offers no additional facts supporting her claims in her complaint. *Id.* at 4. In the charge of discrimination attached to her complaint, Tovar asserts that she engaged in protected activity by raising unspecified "concerns with management and HR" and that Otsuka "misrepresented [her] ADA rights." Dkt. 1-3, at 1. The Court is unable to complete a frivolousness review based on these allegations. Accordingly, Tovar is

2

**ORDERED** to file, **on or before May 15, 2026**, a More Definite Statement that, at a minimum, answers the following questions:

(1)     Is Tovar disabled? If so, what is her disability?

(2)     What was Tovar's position at Otsuka? Was Tovar able to perform the essential functions of this position regardless of her disability?

(3)     Was Tovar's disability and its consequential limitations known to Otsuka?

(4)     What reasonable accommodation did Tova request? How did Otsuka fail to make a reasonable accommodation for Tovar?

(5)     Did Tovar engage in an activity protected by the ADA? If so, what protected activity?

(3)     Was Tovar subjected to an adverse employment decision?

(4)     Was the adverse employment action based on Tovar's protected activity?

Tovar is warned that, pursuant to Federal Rule of Civil Procedure 12(e), failure to comply with this Order within the time allotted will result in this Court's recommendation that this case be dismissed.

## II.     ORDER

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Tovar *in forma pauperis* status, Dkt. 2. Service upon Defendant should be withheld pending the Court's review under 28 U.S.C. § 1915.  Tovar is **ORDERED** to file **on or before May 15, 2026**, a More Definite Statement that contains the information outlined above.

3

SIGNED April 23, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE