# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JESSICA SANDRA TOVAR,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:26-CV-847-DAE** |
| | § | |
| | § | |
| **OTSUKA ICU MEDICAL LLC,** | § | |
| *Defendant* | § | |

## <u>ORDER</u>

Before the Court is Plaintiff Jessica Sandra Tovar's Complaint, Dkt. 1, and motion to appoint counsel, Dkt. 3. The undersigned previously granted Tovar's request to proceed *in forma pauperis*, Dkt. 2, and ordered Tovar to provide a more definite statement in support of her claims. Dkt. 5. Because Tovar has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under §1915(e)(2). After reviewing Tovar's Complaint, the Court has determined that this case should not be dismissed as frivolous at this time. However, the Court cautions Tovar that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Tovar is further advised that, although she has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court against her at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Tovar's complaint

and more definite statement, upon the named defendant under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The Court **FURTHER ORDERS** that Tovar's motion to appoint counsel, Dkt. 3, is **DENIED** without prejudice. Apart from listing the efforts Tovar has made to obtain counsel, she offers no argument demonstrating that "exceptional circumstances" merit the appointment of counsel at this time.  Dkt. 3, at 1; *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("[A] 'trial court is not required to appoint counsel ... unless the case presents exceptional circumstances.'" (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982))). Moreover, having considered the factors relevant to Tovar's request, the Court finds that they do not weigh in favor of appointment of counsel at this time. *Ulmer*, 691 F.2d at 213 (outlining the factors relevant to determining whether exceptional circumstances warrant the appointment of counsel).

The referral of this case to the Magistrate Judge should now be canceled.

SIGNED May 14, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

2